UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Gerardo Ciapara
and other similarly
situated individuals,

     Plaintiff(s),

v.

Newline W P Services INC,
a/k/a Newline Drywall Services
and Artemio Ramirez, individually,

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Gerardo Ciapara and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Newline W P Services INC, a/k/a Newline Drywall Services, and Artemio Ramirez, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction

pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Gerardo Ciapara is a resident of Volusia County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Newline W P Services INC, a/k/a Newline Drywall Services (from now on Newline Drywall Services, or Defendant) is a Florida corporation having a place of business in Volusia County within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Artemio Ramirez was and is now the owner/partner/officer and Manager of Defendant Corporation Newline Drywall Services. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Volusia County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Gerardo Ciapara as a collective action to recover from Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the

provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2019, (the "material time") without being adequately compensated.

7. Defendant Newline Drywall Services is a drywall contractor specializing in drywall installations and drywall repair. Newline Drywall Services office is located at 239 S. Volusia Ave., Orange City, FL 32763, where Plaintiff worked.

8. Defendants Newline Drywall Services and Artemio Ramirez employed Plaintiff Gerardo Ciapara as a non-exempted, full-time construction employee from approximately October 30, 2021, to January 26, 2022, or 12 weeks.

9. Plaintiff resided in an RV at Newline Drywall Services'property together with approximately twenty employees.

10. During the relevant period, Plaintiff performed as a drywall installer and finisher. Plaintiff was paid a daily wage rate of $120.00.

11. Plaintiff had a regular schedule, and he worked six days per week. From Monday to Saturday, Plaintiff worked from 5:30 AM to 7:00 PM (13.5 hours

daily),  a total of 75 hours weekly. Plaintiff has already deducted 6 hours of lunchtime taken during 6 days.

12. In addition, during his employment with Defendants, Plaintiff worked 4 Sundays with 8 working hours each, or 32 overtime hours, that were not paid to Plaintiff at any rate.

13. Plaintiff worked under the supervision of the business owner Artemio Ramirez.

14. Plaintiff was paid his regular daily rate of $120.00 for 6 days or $720.00 weekly, but he was not paid for overtime hours, as required by law. Plaintiff was paid the same amount regardless of the hours worked.

15. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid weekly strictly in cash, without paystubs providing information such as the number of days and hours worked, wage rate, employee taxes withheld, etc.

18. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours, and he complained to his supervisor and owner of the business Artemio Ramirez multiple times.

19. On or about January 22, 2022, Plaintiff complained again about the lack of payment for overtime hours and requested a Saturday off. Artemio Ramirez told Plaintiff that he was paying for the day, and he did not have to pay overtime hours.

20. As a result of Plaintiff's complaints, on or about January 26, 2022, the owner of the business Artemio Ramirez fired Plaintiff. Artemio Ramirez stayed that he needed people working every day without complaints.

21. Plaintiff Gerardo Ciapara seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

25. Plaintiff Gerardo Ciapara re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. Defendant Newline Drywall Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a drywall construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a drywall installer. Plaintiff

handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

28. Defendants Newline Drywall Services and Artemio Ramirez employed Plaintiff Gerardo Ciapara as a non-exempted, full-time construction employee from approximately October 30, 2021, to January 26, 2022, or 12 weeks.

29. During the relevant period, Plaintiff performed as a drywall installer and finisher. Plaintiff was paid a daily wage rate of $120.00.

30. Plaintiff had a regular schedule, and he worked six days per week a total of 75 hours weekly. Plaintiff has already deducted 6 hours of lunchtime taken during 6 days.

31. While employed by Defendants, Plaintiff was paid his regular daily rate of $120.00 for 6 days or $720.00 weekly, but he was not paid for overtime hours, as required by law. Plaintiff was paid the same amount regardless of the hours worked.

32. In addition, during his employment with Defendants, Plaintiff worked 4 Sundays with 8 working hours each, or 32 overtime hours, that were not paid to Plaintiff at any rate.

33. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid weekly strictly in cash, without paystubs providing information such as the number of days and hours worked, wage rate, employee taxes withheld, etc.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

38. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

        Two Thousand Four Hundred Seventy-Six Dollars and 80/100 ($2,476.80)

    b.  <u>Calculation of such wages</u>:

        Total period of employment: 12 weeks
        Relevant weeks of employment:  12 weeks
        Total hours worked: 75 hours weekly
        Total unpaid O/T hours:  35 overtime hours weekly
        Paid: $1,200 weekly: 75 hours=$9.60 an hour
        Regular rate: $9.60 x 1.5=$14.40 O/T rate
        O/T rate $14.40-$9.60 O/T rate paid=$4.80 half-time difference
        Unpaid half-time: $4.80 for every O/T hour

        1.- $4.80 x 35 O/T hours=$168.00 weekly x 12 weeks=$2,016.00

        2.- Overtime for 32 hours worked on 4 Sundays
          O/T $14.40 x 32 O/T hours=$460.80

        Total #1 and #2 = $2,476.80

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents unpaid overtime wages.

39. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated

performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

41. At times mentioned, individual Defendant Artemio Ramirez was, and is now, the owner/partner/manager of Newline Drywall Services. Defendant Artemio Ramirez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Newline Drywall Services' interests concerning its employees, including Plaintiff and others similarly situated. Defendant Artemio Ramirez had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

42. Defendants Newline Drywall Services and Artemio Ramirez willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Gerardo Ciapara and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Gerardo Ciapara and other similarly situated individuals and against the Defendants Newline Drywall Services and Artemio Ramirez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Gerardo Ciapara actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just
    and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Gerardo Ciapara demands a trial by a jury of all issues triable as of right
by a jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 USC 215(a)(3);  AGAINST ALL DEFENDANTS</u>**

44. Plaintiff Gerardo Ciapara re-adopts every factual allegation stated in
    paragraphs 1-24 of this complaint as if set out in full herein.

45. Defendant Newline Drywall Serviceswas and is engaged in interstate
    commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and
    203(s)(1)(A). Defendant is a construction Company. Defendant had more
    than two employees recurrently engaged in commerce or the production of
    goods for commerce by regularly and recurrently using the
    instrumentalities of interstate commerce to accept and solicit funds from
    non-Florida sources; by using electronic devices to authorize credit card
    transactions by ordering products and supplies produced out of State. Upon
    information and belief, the annual gross revenue of the

Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a drywall installer. Plaintiff handled and worked with goods and materials that were moved in interstate commerce during the business. Therefore, there is individual coverage.

47. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

48. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

49. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants Newline Drywall Services and Artemio Ramirez employed Plaintiff Gerardo Ciapara as a non-exempted, full-time construction

employee from approximately October 30, 2021, to January 26, 2022, or 12
weeks.

51. During the relevant period, Plaintiff performed as a drywall installer and
finisher. Plaintiff was paid a daily wage rate of $120.00.

52. Plaintiff had a regular schedule, and he worked six days per week a total of
75 hours weekly.

53. While employed by Defendants, Plaintiff was paid his regular daily rate of
$120.00 for 6 days or $720.00 weekly, but he was not paid for overtime hours,
as required by law.

54. In addition, during his employment with Defendants, Plaintiff worked 4
Sundays with 8 working hours each, or 32 overtime hours, that were not
paid to Plaintiff at any rate.

55. Plaintiff did not clock in and out, but Defendants were in absolute control
of his schedule and activities. Defendants knew the number of hours that
Plaintiff and others similarly situated individuals were working.

56. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the
rate of time and a half his regular rate, for every hour that he worked in
excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards
Act of 1938 (29 U.S.C. 207(a)(1).

57. Plaintiff was paid weekly strictly in cash, without paystubs providing information such as the number of days and hours worked, wage rate, employee taxes withheld, etc.

58. Plaintiff was not in agreement with the lack of payment for overtime hours, and he complained to his supervisor and owner of the business Artemio Ramirez multiple times.

59. These complaints constituted protected activity under the FLSA.

60. On or about January 22, 2022, Plaintiff complained for the last time about the lack of payment for overtime hours, and requested a Saturday off. Artemio Ramirez told Plaintiff that he was paying for the day,  and he did not have to pay overtime hours.

61. These complaints constituted protected activity under the FLSA.

62. However, as a direct result of Plaintiff's complaints, on or about January 26, 2022, the owner of the business Artemio Ramirez fired Plaintiff. Artemio Ramirez stated that he needed people working every day without any complaints.

63. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

64. There is close proximity between Plaintiff's protected activity and his termination.

65. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

66. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

67. At times mentioned, individual Defendant Artemio Ramirez was, and is now, the owner/partner/manager of Newline Drywall Services. Defendant Artemio Ramirez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Newline Drywall Services' Quality interests concerning its employees, including Plaintiff and others similarly situated. Defendant Artemio Ramirez had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

68. Plaintiff Gerardo Ciapara has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

Prayer For Relief

Wherefore, Plaintiff Gerardo Ciapara respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Newline Drywall Services and Artemio Ramirez that Plaintiff Gerardo Ciapara recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Newline Drywall Services and Artemio Ramirez to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff Gerardo Ciapara further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Gerardo Ciapara demands a trial by a jury of all issues triable as of right by a jury.

Dated:  May 22, 2022

Respectfully submitted,

By:  **_/s/ Zandro E. Palma_**_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:         (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*