# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GERARDO CIAPARA,

    Plaintiff,

v.             Case No:   6:22-cv-929-RBD-LHP

NEWLINE W P SERVICES, INC. and
ARTEMIO RAMIREZ,

     Defendants

_____

### ORDER

   This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:** **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 12)** |
| **FILED:** **January 20, 2023** |
| _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice.** |

## I. BACKGROUND

   On May 22, 2022, Plaintiff Gerardo Ciapara filed a complaint against Defendants Newline W P Services, Inc., a/k/a Newline Drywall Services and

Artemio Ramirez ("Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.   Doc. No. 1.[1]   The complaint alleges two claims for relief: (1) recovery of unpaid overtime wages pursuant to 29 U.S.C. § 207(a)(1) (Count I); and (2) retaliatory discharge pursuant 29 U.S.C. § 215(a)(3) (Count II). *Id.*   Service of process was effectuated on Defendants on May 27, 2022 (Doc. Nos. 5-6), however, neither Defendant ever responded to the complaint or otherwise appeared in this case.   Accordingly, on Plaintiff's motion, Clerk's default was entered against the Defendants on July 21, 2022.   Doc. Nos. 7-8.

Now before the Court is Plaintiff's motion for default judgment as to all claims against both Defendants.   Doc. No. 12.   The motion has been referred to the undersigned.   Upon consideration, however, the motion will be denied without prejudice because Plaintiff has not demonstrated that the allegations of the complaint are sufficient to establish coverage under the FLSA.

## II.    STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[1] The complaint was filed as a putative collective action.   Doc. No. 1, ¶¶ 22-24. However, Plaintiff has not moved to certify a collective action, and no other persons have filed a notice of consent to sue, therefore the only claims in this case are Plaintiff's individual claims for relief.

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a plaintiff may apply for a default judgment. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to. . . surviv[ing] a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See also Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2]

If default judgment is warranted, then the court must next consider whether the plaintiff is entitled to the relief requested. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*,

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).

Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

III.   **ANALYSIS**

In order to be eligible for unpaid minimum wage or overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating:   (1) that he or she was engaged in commerce[3] or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).   29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

---

[3] Under Title 29, commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."   29 U.S.C. § 203(b).

To demonstrate enterprise coverage, the employee must show that:

(1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta v. Dezenzo's Italian Rest.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citations omitted). *See also Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta*, 2009 WL 4349806, at *2 (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).[4]   Thus, while "[a] plaintiff need not do much to plead individual or enterprise coverage, [he] must, at least, allege specific facts concerning the nature of the plaintiff's work and whether the work involved a connection to interstate commerce." *Sims v. UNATION, LLC*,

---

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. See 11th Cir. R. 36-2.

292 F. Supp.3d 1286, 1292 (M.D. Fla. 2018) (internal quotation marks omitted) (citing *DeJean v. HLM Protective Serv., Inc.*, No. 17-61291-Civ-Scola, 2017 WL 4876298, at *2 (S.D. Fla. Oct. 27, 2017)).

Plaintiff's complaint contains only the following allegations that are relevant to coverage under the FLSA:

3. Defendant Newline W P Services INC, a/k/a Newline Drywall Services (from now on Newline Drywall Services, or Defendant) is a Florida corporation having a place of business in Volusia County within this Court Jurisdiction.   At all times material, Defendant was and is engaged in interstate commerce.

. . . .

7. Defendant Newline Drywall Services is a drywall contractor specializing in drywall installations and drywall repair.   Newline Drywall Services office is located at 239 S. Volusia Ave., Orange City, FL 32763, where Plaintiff worked.

8. Defendants Newline Drywall Services and Artemio Ramirez employed Plaintiff Gerardo Ciapara as a non-exempted, full-time construction employee from approximately October 30, 2021, to January 26, 2022, or 12 weeks.

9. Plaintiff resided in an RV at Newline Drywall Services' property together with approximately twenty employees.

10. During the relevant period, Plaintiff performed as a drywall installer and finisher.   Plaintiff was paid a daily wage rate of $120.00.

. . . .

26. Defendant Newline Drywall Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).   Defendant is a drywall construction

company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a drywall installer. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

Doc. No. 1, ¶¶ 3, 7-10, 26, 27.   *See also id.*, ¶¶ 28-29, 45-46.

With respect to individual coverage, Plaintiff's allegations, to the extent they are assertions of fact, are insufficient to demonstrate "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof" as required by the relevant statute.   *See* 29 U.S.C. § 203(b) (emphasis added).   The allegations merely state that Plaintiff worked as a drywall installer and finisher, that Defendants' business location is in Orange City, Florida, and that Plaintiff lived in an RV on Defendants' property.   Plaintiff never alleges a specific location or a place where he performed his alleged work, and other than a barebones conclusory allegation that he "handled and worked with goods and materials that moved in interstate commerce," he provides no further factual allegations to establish individual coverage.   Without

more, the Court cannot say that individual FLSA coverage is met.   *See Cloer v. Green Mountain Specialties Corp.*, 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding allegations that plaintiffs worked at various jobs, including ironworker, driver, laborer, and welder, to be insufficient to establish individual coverage because the plaintiffs did not allege any facts showing how, in their respective jobs, they were engaged in commerce or in the production of goods for commerce); *Perez v. Muab, Inc.*, No. 10-62441-Civ, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (dismissing a complaint without prejudice where "[p]laintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.'   This is a mere recitation of the statutory language.").

    Plaintiff's allegations regarding enterprise coverage are equally lacking. Plaintiff in large part tracks the statutory language for enterprise coverage, and then includes the vague statements that Defendants "accept and solicit funds from non-Florida sources," and "[use] electronic devices to authorize credit card transactions by ordering products and supplies produced out of State."   Doc. No. 1, ¶ 26.   It is entirely unclear what Plaintiff is referring to when he mentions "non-Florida sources," and there is nothing in these allegations even suggesting that these credit card transactions were conducted with banks outside of the State of Florida, such that interstate commerce might be implicated.   The allegation that Defendants

ordered products and supplies produced out of State also does not provide any clarity as it is equally unclear where Defendants purchased these products and supplies.  Simply because they were manufactured elsewhere (assuming that is what Plaintiff means) is not enough.  *See Galdames v. N & D Inv. Corp.*, No. 08-20472-CIV, 2010 WL 1330000, at *3 (S.D. Fla. Mar. 29, 2010), *aff'd*, 432 F. App'x 801 (11th Cir. 2011) ("I agree with the decisions which have held that ordinary purchases of gasoline for vehicles, use of credit cards, and use of the telephone for business purposes are *insufficient* to constitute engaging in commerce or to trigger enterprise coverage under the FLSA.  It is not sufficient for 'materials' merely to have moved in interstate commerce in any respect, rather, a defendant must have played some role in the materials moving through interstate commerce." (emphasis in original)); *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009) ("This Court also holds that plaintiff's use of . . . credit cards is insufficient to establish jurisdiction.  To be considered 'engaged in interstate commerce' a business must use a credit card specifically to transact business in interstate commerce."). *Cf. Donald v. Park & Fly, LLC*, No. 3:10-cv-41-J-34MCR, 2011 WL 6027014, at *2 (M.D. Fla. Nov. 7, 2011), *report and recommendation adopted*, 2011 WL 6027821 (M.D. Fla. Dec. 5, 2011) (employer was a covered enterprise because, among other things, its employees handled or otherwise worked on goods that had been moved in or produced for interstate commerce, used supplies that had previously moved in

commerce and accepted payment from customers using credit cards issued by out-of-state banks).

Without factual allegations sufficient to establish either individual or enterprise coverage under the FLSA, the amended complaint cannot support entry of default judgment.   *See, e.g., Cloer*, 2019 WL 568358, at *1 (finding conclusory allegations regarding individual and enterprise coverage insufficient and denying motion for default judgment); *De Lotta*, 2009 WL 4349806, at *2–3 (conclusory allegations of FLSA coverage were insufficient to support default judgment).   And without demonstrating that the amended complaint sufficiently alleges coverage under the FLSA, Plaintiffs' request for default judgment against Defendants must be denied.   *See Ramos v. Diamond Drywall & Glass, LLC*, No. 2:12-cv-622-FtM-99DNF, 2013 WL 12388526, at *2–3 (M.D. Fla. May 7, 2013) (recommending denial of default judgment where the plaintiff failed to allege any facts to support a finding of either individual or enterprise coverage where only allegations were legal conclusions and a representation that plaintiff installed drywall and glass in Florida).

Although Plaintiff's motion must be denied for failure to establish coverage under the FLSA, the Court notes several additional issues with Plaintiff's motion. First, Plaintiff nowhere argues, or provides any legal authority, for his assumption that Artemio Ramirez can be held individually liable under the FLSA in this case.

Any renewed motion must address whether the allegations contained in the complaint are sufficient to support a finding that Mr. Ramirez was Plaintiff's employer under the FLSA.   Second, other than citing to the statute itself, Plaintiff provides no legal authority or analysis to support his contention that the allegations of his complaint are sufficient to establish a prima facie case of FLSA retaliation. *See* Doc. No. 12, at 4, 7-8.   To the contrary, Plaintiff's motion is barebones at best, and simply assumes that he is entitled to the relief sought.

Third, Plaintiff has not provided any legal authority establishing that his method of calculating his unpaid overtime is legally correct.   Plaintiff calculates the overtime hourly rate by taking the $120.00 per day wage, times six (6) days per week, for a total of $720.00 per week, and then divides that amount by the alleged 75 hours of work per week for a regular rate of pay of $9.60 per hour.   Doc. No. 12-1, at 4-5.   Plaintiff then multiples that hourly rate by 1.5 to get an overtime hourly rate of $14.40, and then takes the difference between the rates ($4.80) and multiplies that by the 35 hours per week of overtime, as well as the additional 32 hours of Sunday work.   *Id.*   Plaintiff provides no legal authority for this calculation, particularly when an employee is paid a day rate as opposed to an hourly rate, nor does Plaintiff explain why the federal (or Florida) minimum wage would not be utilized.   The Court will not do Plaintiff's work for him, therefore in any renewed motion, Plaintiff must cite to applicable legal authority that permits Plaintiff to

calculate the hourly overtime rate by the method he has chosen.   Simply citing generally to the FLSA and its implementing regulations is insufficient.

Fourth, and relatedly, Plaintiff also has not provided any legal authority to support his claim for liquidated damages for his retaliation claim.   And Plaintiff also has not provided any legal authority establishing that the hourly rate he seeks for his counsel in this case - $400.00 – is a customary and reasonable rate for attorneys of similar experience litigating similar cases in the Central Florida area. *See* Doc. No. 12, at 9-10 (citing exclusively to Plaintiff's counsel's own self-serving affidavit, and to cases from the Southern District of Florida); *see also* Doc. No. 12-2.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that:

1.     Plaintiff's Motion for Default Judgment Against All Defendants (Doc. No. 12) is **DENIED WITHOUT PREJUDICE**.

2.     **On or before April 21, 2023**, Plaintiff may file a renewed motion for default judgment which addresses, with citation to applicable legal authority, the issues addressed in this Order.

3.     Alternatively, **on or before April 21, 2023,** Plaintiff may file an amended complaint, should he deem it necessary to do so, which must be served on Defendants in compliance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties