UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-00929-RBD-LHP

Gerardo Ciapara
and other similarly
situated individuals,

     Plaintiff(s),

v.

Newline W P Services INC,
a/k/a Newline Drywall Services
and Artemio Ramirez, individually,

     Defendants,

_____/

## PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

Plaintiff, Gerardo Ciapara, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants Newline W P Services INC a/k/a Newline Drywall Services and Artemio Ramirez, individually and states as follows:

1. On or about May 22, 2022, Plaintiff brought the above titled action against the Defendants, Newline W P Services INC a/k/a Newline Drywall Services and Artemio Ramirez, to recover overtime compensation, lost

wages, retaliation damages and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].

**2.** On or about May 27, 2022, Returns of Service were executed for Defendants Artemio Ramirez and Newline W P Services INC, a/k/a Newline Drywall Services; Proofs of Service should appear in the Court file [DE 5 & 6].

3. Accordingly, Defendants answers were due on or before June 17, 2022. However, Defendants have completely failed to respond to the complaint.

4. Up to this date, Defendants have failed to respond to the complaint.

5. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

6. When a corporate defendant has failed to obtain counsel, then that failure is a failure to "defend" under Fed. R. Civ. P. 55(a). *see Lehman Bros. Holdings, Inc. v. Key Fin. Corp.,* No. 8:09- CV-623-T-17EAJ (M.D. Fla. May 2, 2011) (Order Granting Plaintiff's Motion for Entry of Default).

7. The Defendant, Newline W P Services INC, a/k/a Newline Drywall Services cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764* F.2d 1381 (11th Cir. *1985).*

8. A Clerk's Default [D.E. 8] was entered on July 21, 2022 against Defendants Artemio Ramirez and Newline W P Services INC, a/k/a Newline Drywall Services.

9. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

10. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally,* 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

11. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

12. In addition, Section 6 of the FLSA, 29 U.S.C. § 206(a)(3), states that it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ."

13. In support of the damages alleged in the Complaint, the Plaintiff hereby submits evidence in the form of affidavit [Exhibit "A" –Affidavit of Amount of Indebtedness].

14. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

15. Defendant failed to pay Plaintiff at least $4,944.00 during the period of time in which Plaintiff was working for Defendants, which well within the

statute of limitations provided for under the FLSA as a matter of law. Plaintiff also seeks to recover the amount of $2,880.00 in lost wages and $5,356.80 in liquidated damages.

16. Additionally, Plaintiff seeks to recover, attorney fees ($7,160.00) and costs ($607.00), for a total amount of $18,480.60 as judgment against Defendants.

17. Plaintiff claims judgment by default for failure of Defendants Artemio Ramirez and Newline W P Services INC, a/k/a Newline Drywall Services to file or serve any papers in the action or otherwise plead.

**MEMORANDUM OF LAW**

**A. Service of Process**

Pursuant to Fed. R. Civ. P. 4(e), Plaintiff can effect service on an individual in any judicial district of the United States by adhering to either 1) the law of the state in which the district court is located, or in which service is effected, or 2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's dwelling house with some person of suitable age or discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Accordingly, Defendant Artemio Ramirez was served personally on May 27, 2022 [see attached composite Exhibit B - Affidavit of service].

With respect to service on a corporate defendant, service must be had in a judicial district of the United States by either following the state law or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h). Pursuant to Florida stature 48.062 (4), "If the address provided for the registered agent, member, or manager is a residence or private mailbox, service on the limited liability company, domestic or foreign, may be made by serving the registered agent, member, or manager in accordance with s. 48.031"

According to the proof of service filed in this matter, the Complaint was duly served corporate defendant Newline W P Services INC a/k/a Newline Drywall Services, through its registered agent in compliance with Florida Statute 48.0 [see attached composite Exhibit B - Affidavit of service].

**B. Proof of Liability**

Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a Plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a).

The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim under the FLSA, the plaintiff must establish: (1) that the plaintiff was employed by Defendant during the time period involved; (2) that plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of good for commerce; and (3) that defendant failed to pay the proper compensation as required by law. See *Eleventh Circuit Pattern Jury Instructions – Civil 1.7.1 (2005)*.

The FLSA requires an employer, as defined in the Act, to pay not less than the applicable minimum wage for each hour worked and overtime wages at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours in a work week. 29 U.S.C. §§ 206 and 207(a)(1). The employee may bring a cause of action for payment of unpaid applicable minimum wages and overtime wages that are due, an equal amount of liquidated damages, and shall also be entitled to reasonable attorney's fees and costs. 29 U.S.C. §216(b).

Also, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal marks omitted); *see also* 29 U.S.C. §203(d).

In the instant case, Plaintiff's Complaint [D.E. 1] contains all of the allegations required to state a claim for liability and entitlement to damages under the FLSA. Specifically, Plaintiff alleges that he was employed by Defendants during the relevant time period. [D.E. 1 at ¶¶ 8, 23,43]. He further identifies the basis of the Court's jurisdiction – 29 U.S.C. § 201-219, and alleges that he worked in interstate commerce and that Defendants were employers and an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(d), 203(r) and 203(s). [D.E. 1 at ¶¶ 4, 26,41, 44, 45 and 66].  Plaintiff alleges that he was a construction employee, and his duties consisted of preparing, installing and finishing drywall panels at different project locations within the state of Florida. [Exhibit A – Affidavit at ¶¶ 4,5, 9]. In Count I of the complaint, Plaintiff alleges that he was a non-exempt employee; he worked over 40 hours, but was not paid overtime as required by law  [D.E. 1 ¶¶ 21, 31,32  and Exhibit A – Affidavit at ¶¶ 15, 16 and 17]. In addition, the Complaint alleges that Defendants' actions were willful, necessitating a three-year statute of limitations in this matter [D.E. 1 at ¶¶ 16,34,42, 56 ].

Additionally, in Count II of the Complaint [D.E. 1], Plaintiff alleges retaliation in violation of the FLSA. In order to show a prima facie case for retaliation, a plaintiff must adequately plead: (1) he engaged in activity protected under the FLSA, (2) he subsequently suffered an adverse/action by the

employer, (3) a causal connection existed between his protected activity and the adverse action by the employer. *Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000). Here, Plaintiff pleads that he was discharged in direct response to his complains about missing overtime payment, by complaining, plaintiff engaged in protected activity [D.E. 1 at ¶¶ 62, 66 nd Exhibit A- Affidavit at ¶¶ 22 and 23]. Plaintiff suffered an adverse employment action, his termination from employment, as a direct result of seeking proper payment under the FLSA. [D.E. 1 at ¶¶ 58, 59 and 61 and Exhibit A- Affidavit at ¶¶ 23 ,24 and 25].   As a result, Plaintiff was terminated from his employment and the proximate cause of the termination was that he engaged in the protected activity [D.E. 1, ¶ 59,61,64]. Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The Complaint also seeks relief for the damages incurred and demands judgment against Defendants [D.E. 1 at ¶¶ 1, 6, 21, 40, 43 and "Wherefore" clauses]. As such, the Complaint states a claim for the relief requested.

Where, as here, a clerk's default has been entered, the defaulting defendant is deemed to have admitted the well-pleaded allegations of fact in the complaint.

*See Art Schmidlin v. Apex Mortgage Services, LLC v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."); *Tyco Fire & Sec. LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Accordingly, because the Complaint clearly states a claim under the FLSA, and this Court must deem the well-pled allegations of the Complaint as admitted; Plaintiff has established his entitlement to default judgment as to liability in this matter.

### C. FLSA coverage

### i. Individual coverage

Individual coverage exists if the employee is "engaged in commerce" or "in the production of goods for commerce." *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). This occurs when the employee is "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce…, or (ii) by regularly using the instrumentalities of interstate commerce in his work." Id. (citations omitted).

Here, he was a construction employee, and his duties consisted of preparing, installing and finishing drywall panels at different project

locations within the state of Florida. [[D.E. 1 at ¶¶ 10, 27, 29, 46, 51, Exhibit A – Affidavit at ¶¶ 4,5, 9].

Plaintiff sufficiently alleged a basis for the Court to find that he is entitled to individual FLSA coverage. See e.g., Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employee "regularly using the instrumentalities of interstate commerce in her work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.") (Citing 29 C.F.R. §§776.23(d)(2) and §776.24 (2005).

In this case, Plaintiff was assigned and transported daily to job sites at different locations within the state of Florida, such as Jacksonville, Gainesville, Celebration, Lake Mary [Exhibit A- Affidavit at ¶9].

**ii. Enterprise coverage.**

A defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" if the defendant is an enterprise that: has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . [whose] annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(i)-(ii). An employer is subject to both the minimum wage and overtime provisions of the FLSA if either: (1) their employees are "engaged

in commerce" or (2) the employer is an "enterprise engaged in commerce." 29 U.S.C. §§ 206, 207.

Here, Plaintiff specifically alleges that "[the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum." [D.E. 1 at ¶¶26, and 45; Exhibit A- Affidavit at ¶13]. The  Complaint further claims that " Defendant is a drywall construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State." [D.E. 1 at ¶¶26 and 45]. In addition, Plaintiff alleges they were transported to different job sites and that Defendant had projects within and out of the state of Florida. [ Exhibit A- Affidavit at ¶¶  9 and 11]; Thus, Plaintiff alleges that Defendant was, at the relevant times, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

### D. Establishing Damages

In addition, Plaintiff has also sufficiently articulated the damages to which he is entitled. Specifically, Plaintiff files herewith an affidavit in support of his Motion for Entry of Default Final Judgment containing reasonable

approximations of his damages for unpaid wages and retaliation damages. See Exhibit A – Affidavit of amount of indebtedness, attached thereto. These calculations are based upon his reasonable recollection of his schedule throughout his employment. Plaintiff is not able to rely on any time or payroll records because he was paid in cash and  never received any record from Defendant [Exhibit A -Affidavit at ¶ 19].

In making a motion for final default judgment, plaintiffs may, and routinely do, establish the amount of their damages by affidavit. See, e.g., *Edenfield v. Crib 4 Life, et al.*, No. 6:13-cv- 00319-CEH-KRS at D.E. 32, pp. 5-6 (M.D. Fla. March 10, 2014) (citing *Etienne v. Inter-Cnty. Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999)) (awarding damages requested in affidavit where defendant failed to disprove alleged damages); *Lopez v. La Hacienda Mexican Grill, Inc.*, No. 8:13cv350, 2013 WL 2949137, at 84 (M.D. Fla. June 14, 2013) (allowing Plaintiff to establish amount of damages by affidavit); *Langham v. James Dean Joyner, LLC d/b/a The Fireplace Doctor*, No. 3:13-00051 at D.E. 12 p. 3 (N.D. Fla. July 9, 2013) (granting motion for final default judgment, and determining damages based on Plaintiff's affidavit); *Jenkins v. North Texas Maintenance, Inc.*, No. 2:12-cv-00677 (SPC-DNF); D.E. 21 at n. 2 (M.D. Fla. June 6, 2013) (same, noting that ("[a] default judgment may be entered without a hearing if the claim 'is a sum certain or sum that can be made certain by computation' upon the plaintiff's request with an affidavit showing

the amount due.") (citing Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 n. 13 (11th Cir. 2005)). In the absence of records from a defendant, a plaintiff's approximation of hours is sufficient to establish damages. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.*, 121 F.3d 58 (2d Cir. 1997); *Edenfield v. Crib 4 Life, et al.*, No. 6:13-cv-00319-CEH-KRS at D.E. 32, pp. 5-6 (M.D. Fla. March 10, 2014) (approximation of hours is sufficient). Here, Plaintiff has no records because Defendants failed in their obligation to maintain same. [D.E. 1 at ¶ 36 and Exhibit A - Affidavit at ¶¶ 18 and 19]. Plaintiff's affidavit stating his reasonable recollection based upon his schedule are the best evidence of hours worked and amounts paid and should be credited to establish damages. See generally, Anderson, Reich, Edenfield, supra. According to Plaintiff's affidavit, he seeks the amount of $2,476.80 in unpaid overtime wages.

Plaintiff alleges he was paid a daily rate of $120.00 for 6 days but was not paid for overtime [DE 1 at ¶¶ 10,14, 29, 31, 51, 53 ; and Exhibit A – Affidavit at ¶ 17]. The situation involved here is precisely treated in 29 C.F.R. § 778.112:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at

such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek. [e.s.]

Plaintiff allegedly worked 35 overtime hours for approximately 12 weeks at the half time overtime rate of $4.80 [$1,200.00 paid /75 hrs worked = $9.60 regular rate x 1.5 = $14.40 OT rate – $9.60 = $4.80 half time] ($4.80 x 35 O/T hours=$168.00 weekly x 12 weeks=$2,016.00). Plaintiff also alleges he is owed 32 overtime hours that were not paid at all for 4 Sundays at the overtime rate of $14.40 ($14.40 x 32 O/T hours=$460.00) [see D.E. 1 at ¶¶ 38 and Exhibit A - Affidavit at ¶ 22].

In Count II of Plaintiff's Complaint [D.E. 1], Plaintiff alleges retaliation in violation of the FLSA. In order to show a prima facie case for retaliation, a plaintiff must adequately plead: (1) he engaged in activity protected under the FLSA, (2) he subsequently suffered an adverse/action by the employer, (3) a causal connection existed between his protected activity and the adverse action by the employer. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000*)*. Here, Plaintiff pleads that he was discharged in direct response to his complains about missing overtime payment, by complaining, plaintiff engaged in protected activity [D[D.E. 1 at ¶¶ 62, 66 nd Exhibit A- Affidavit at ¶¶ 22 and 23]. Plaintiff suffered an adverse employment action, his termination from employment, as a

direct result of seeking proper payment under the FLSA. [D.E. 1 at ¶¶ 58, 59 and 61 and Exhibit A- Affidavit at ¶¶ 23 ,24 and 25]. Plaintiff further pleads that his discharge was in direct response to him requesting overtime payment, a protected activity under 29 U.S.C. §215(a). [D.E. 1 at ¶¶ 58, 59 and 61 and Exhibit A- Affidavit at ¶¶ 23 ,24 and 25]. As a result, Plaintiff was terminated from his employment and the proximate cause of the termination was that he engaged in the protected activity [D.E. 1, ¶ 59,61,64].

Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff seeks $2,880.00 in back pay damages. In determining the amount of back pay due, Plaintiff has a duty to mitigate his damages, and it is proper to deduct Plaintiff's subsequent earnings from his lost wages. *See, e.g., Nord v. U.S. Steel Corp., 758 F.2d 1462, 1471-72 (11th Cir. 1988)* (district court erred in failing to deduct interim earnings from back pay award under Title VII). After his termination, Plaintiff "immediately started looking for a job". However, Plaintiff was unemployed for approximately 4 week [see Exhibit A- Affidavit at ¶ 28]. Thus, Plaintiff should be entitled to $720.00 for

4 weeks he was unemployed. Had Plaintiff not been retaliated against and continued his employment during that time period, he would have been paid approximately $720.00 ($720.00 weekly lost x 4 week= $2,800.00) [see Exhibit A- Affidavit at ¶ 29].

In addition, an employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987)*. In this case, Defendants failed to meet its burden to oppose the imposition of liquidated damages, and therefore liquidated damages must also be awarded.

### E.  Attorney's Fees and Costs

The FLSA provides that the Plaintiffs are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff requests that the Individual Defendant and Corporate Defendant be jointly and severally liable for his attorneys' fees and costs. "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for

unpaid wages"   as long as that corporate officer is "'involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). *See Escalona v. Gulf Coast Readers, Inc.*, No. 2:16-cv-302-FtM-38CM, 2016 WL 11110421, at *3 (M.D. Fla. Nov. 29, 2016) (noting, in FLSA action, that "courts in the Middle District of Florida have ordered defendants, jointly and severally, to pay attorney's fees and costs" (citing *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 684 (M.D. Fla. 2008))).

Here, Plaintiff states that "Defendant Artemio Ramirez was and is now, the owner/officer and general manager of Newline Drywall Services.. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]." … He "had financial and operational control of the business, determined working conditions of Plaintiff and other similarly situated individuals, and he is jointly and severally liable for Plaintiff's damages". [D.E 1 at ¶¶41 and 67]. Therefore, Plaintiff requests Defendants be jointly and severally liable for his attorneys' fees and costs.

Plaintiff's counsel has incurred a total of 20.90 hours pursuing Plaintiff's claims against Defendants. [*See* Zandro Palma's Affidavit at ¶ 12; Exhibit C].

Plaintiff is requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $8,360.00 in attorney's fees).

Effective as of January 1st, 2021, Mr. Palma bills all cases at the rate of $400.00 per hour for the professional services that are rendered. Prior to January 1st, 2021, his hourly rate was of $375.00 per hour. The current hourly rate of $400.00 reflects Mr. Palma's skills and experience in litigating employment cases and is reasonable in light of the relevant legal marketplace.

The law firm of Zandro E. Palma, P.A. has also expended $607.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 17; Exhibit C). As such, the attorney fees and costs for prosecution of Plaintiff's claims against Defendants amounts to $8,967.00 ($8,360.00 + $607.00).

## CONCLUSION

WHEREFORE, Plaintiff humbly requests that this Honorable Court enter default judgments against all Defendants, Newline W P Services INC a/k/a Newline Drywall Services and Artemio Ramirez, in favor of the Plaintiff and Counsel in the following amounts:

a) Plaintiff GERARDO CIAPARA for $10,7,13.60, which represents $2476.80 for unpaid overtime; $2,880.00 for back wages and $5,356.80 for liquidated damages.

b) Zandro E. Palma, P.A. for attorney's fees in the amount of $8,360.00 and

costs in the amount of $607.00, for a total of $8,967.00 as the prevailing

party under the FLSA.

Dated: May 18, 2023.

Respectfully submitted,
ZANDRO E. PALMA, ESQ.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
*Attorney for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on May 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By: _/s/ Zandro E. Palma____
      Zandro E. Palma, Esq.
      Florida Bar No.: 0024031
      zep@thepalmalawgroup.com
      ZANDRO E. PALMA, P.A.
      9100 South Dadeland Boulevard
      Suite 1500
      Miami, Florida 33156
      Telephone: (305) 446-1500
      Facsimile:  (305) 446-1502
      *Attorney for Plaintiff*

**<u>SERVICE LIST</u>**
**<u>CASE NO: 6:22-cv-00929-RBD-LHP</u>**

Newline W P Services INC, a/k/a Newline Drywall Services
Through Its Registered Agent
Artemio Ramirez
239 S. Volusia Ave,
Orange City FL 32763

Artemio Ramirez
239 S. Volusia Ave,
Orange City FL 32763

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.

9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*