# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GERARDO CIAPARA,

        Plaintiff,

v.                                                         Case No:   6:22-cv-929-RBD-LHP

NEWLINE W P SERVICES, INC. and
ARTEMIO RAMIREZ,

        Defendants

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 23)** |
| **FILED:** | **May 18, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND.

On May 22, 2022, Plaintiff Gerardo Ciapara filed a complaint against Defendants Newline W P Services, Inc., a/k/a Newline Drywall Services ("Newline") and Artemio Ramirez ("Ramirez") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*   Doc. No. 1.[1]   The complaint alleges two claims: (1) recovery of unpaid overtime wages pursuant to 29 U.S.C. § 207(a)(1) (Count I); and (2) retaliatory discharge pursuant 29 U.S.C. § 215(a)(3) (Count II).   *Id.*

Service of process was effectuated on Defendants on May 27, 2022 (Doc. Nos. 5–6), however, neither Defendant has responded to the complaint or otherwise appeared in this case.   Accordingly, on Plaintiff's motion, Clerk's default was entered against the Defendants on July 21, 2022.   Doc. Nos. 7–8.[2]

Thereafter, Plaintiff filed a motion for default judgment.   Doc. No. 12. Upon referral, the undersigned denied that motion without prejudice for several

---

[1] The complaint was filed as a putative collective action.   Doc. No. 1 ¶¶ 22–24. However, Plaintiff has not moved to certify a collective action, and no other persons have opted in, therefore the only claims addressed herein are Plaintiff's individual claims for relief.

[2] The returns of service state that Ramirez was personally served, and that Newline was served by serving a copy of the summons and complaint on Ramirez, as registered agent.   Thus, service, and consequently Clerk's default, was proper.   *See* Fed. R. Civ. P. 4(e)(2)(A), (h)(1)(B).   *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

reasons, including failure to adequately address whether the complaint sufficiently pleads coverage under the FLSA; failure to adequately address FLSA individual liability as it relates to Ramirez; failure to address whether the complaint sufficiently alleges a retaliation claim; failure to support the calculation of damages for both the overtime and retaliation claims; and failure to provide legal authority establishing that the hourly rate sought for counsel was customary and reasonable. Doc. No. 15.   The undersigned permitted Plaintiff to either file a renewed motion for default judgment addressing these issues, or alternatively, to file an amended complaint.   *Id.* at 13.

After several extensions of time, Plaintiff elected to file a renewed motion for default judgment.   Doc. No. 23.   *See also* Doc. Nos. 16–22.   Included with the motion is Plaintiff's amended affidavit (Doc. No. 23-1), the returns of service (Doc. No. 23-2), and an updated declaration from Plaintiff's counsel, Zandro Palma, Esq., with related exhibits (Doc. No. 23-3).   The renewed motion has been referred to the undersigned, and the matter is ripe for review.

## II.    ALLEGATIONS OF THE COMPLAINT.

Defendant Newline is a drywall contractor specializing in drywall installation and drywall repair, and it is located in Orange City, Florida.   Doc. No. 1 ¶ 7.   Defendant Ramirez is the owner/partner/officer and manager of Newline. *Id.* ¶ 4.   Defendants employed Plaintiff as a non-exempt, full-time construction

employee from approximately October 30, 2021 to January 26, 2022, and Plaintiff performed work as a drywall installer and finisher.  *Id.* ¶¶ 8, 10.  During his employment, Plaintiff resided in an RV on Newline's property with approximately 20 other employees.  *Id.* ¶ 9.  Plaintiff had a regular schedule working 6 days per week (Monday through Saturday), from 5:30 a.m. to 7:00 p.m., with a 1-hour lunch break.  *Id.* ¶ 11.  He also worked 4 Sundays during his employment.  *Id.* ¶ 12. Plaintiff was paid a flat rate of $120.00 per day, or $720.00 per week, and did not receive overtime compensation.  *Id.* ¶ 14.  Plaintiff was paid in cash, and did not receive paystubs.  *Id.* ¶ 17.

Plaintiff complained to his supervisor, Ramirez, about the lack of payment for overtime hours.  *Id.* ¶¶ 18, 58.  On or around January 22, 2022, Plaintiff complained for a final time about the lack of overtime compensation, and requested a Saturday off.  *Id.* ¶¶ 19, 60.  Ramirez refused to pay overtime.  *Id.*  On January 26, 2022, as a direct result of Plaintiff's complaints, Ramirez fired Plaintiff.  *Id.* ¶¶ 20, 62, 63.  Plaintiff alleges that but for his complaints about unpaid overtime wages, Ramirez would not have terminated Plaintiff's employment.  *Id.* ¶ 65.

Plaintiff seeks a declaratory judgment that Defendants' practices violate the FLSA; judgment in his favor for unpaid overtime wages and an equal amount of

liquidated damages; reasonable attorney's fees and costs; and "appropriate back pay and other benefits wrongly denied."   *Id.* at 17.[3]

## III.   LEGAL STANDARD.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[4]   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.   *De Lotta*

---

[3] In the above-styled motion, Plaintiff does not address the request for a declaratory judgment.   *See* Doc. No. 23.   Accordingly, it appears that he has abandoned this request.

[4] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543–44. However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination

of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). *See also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

## IV.   ANALYSIS.

### A.   Liability on the FLSA Overtime Claim (Count I).

"The FLSA requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a), 207(a)).   "A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation." *Thompson v. Healthy Home Env't, LLC*, No. 8:15-cv-2905-T-27JSS, 2016 WL 4472991, at *2 (M.D. Fla. July 27, 2016) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)), *report and recommendation adopted*, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016).   Each of these elements will be addressed in turn.

Here, Plaintiff's complaint sufficiently alleges the first and third requirements.   Specifically, Plaintiff alleges that he was employed by Newline and Ramirez as a non-exempted, full-time construction employee from October 30, 2021

through January 26, 2022.   Doc. No. 1 ¶¶ 7–8.   *See also* 29 U.S.C. § 203(d).   Plaintiff

further alleges that Ramirez is the owner/partner/officer and manager of Newline,

that Ramirez had financial and operational control over the business, and that

Ramirez is the person who supervised Plaintiff and terminated Plaintiff's

employment.   Doc. No. 1 ¶¶ 4, 13, 20, 67.   *See also* 29 U.S.C. § 203(d); *Patel v. Wargo*,

803 F.2d 632, 637–38 (11th Cir. 1986) ("[A] corporate officer with operational control

of a corporation's covered enterprise is an employer along with the corporation,

jointly and severally liable under the FLSA for unpaid [overtime] wages.").

Further, the complaint alleges that Defendants failed to compensate Plaintiff for

overtime hours worked.   *E.g.*, Doc. No. 1 ¶¶ 6, 11–12, 14.

As it relates to the second requirement, Plaintiff's complaint contains only the

following allegations that are relevant to coverage under the FLSA:

> 3. Defendant Newline W P Services INC, a/k/a Newline Drywall
> Services (from now on Newline Drywall Services, or Defendant) is a
> Florida corporation having a place of business in Volusia County
> within this Court Jurisdiction.   At all times material, Defendant was
> and is engaged in interstate commerce.
>
> . . . .
>
> 7. Defendant Newline Drywall Services is a drywall contractor
> specializing in drywall installations and drywall repair.   Newline
> Drywall Services office is located at 239 S. Volusia Ave., Orange City,
> FL 32763, where Plaintiff worked.
>
> 8. Defendants Newline Drywall Services and Artemio Ramirez
> employed Plaintiff Gerardo Ciapara as a non-exempted, full-time

construction employee from approximately October 30, 2021, to January 26, 2022, or 12 weeks.

9. Plaintiff resided in an RV at Newline Drywall Services' property together with approximately twenty employees.

10. During the relevant period, Plaintiff performed as a drywall installer and finisher.   Plaintiff was paid a daily wage rate of $120.00.

. . . .

26. Defendant Newline Drywall Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).   Defendant is a drywall construction company.   Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State.   Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum.   Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce.   Plaintiff was a drywall installer.   Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business.   Therefore, there is individual coverage.

Doc. No. 1 ¶¶ 3, 7–10, 26, 27.   *See also id.* ¶¶ 28–29, 45–46.

In order to be eligible for unpaid minimum wage or overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was

engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).   29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

> To demonstrate enterprise coverage, the employee must show that:
>
> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta*, 2009 WL 4349806, at *2 (citations omitted); *see* 29 U.S.C. § 203(s)(1). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually."   *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802,

805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).

Here, as the undersigned previously cautioned Plaintiff, Doc. No. 15, the complaint does not appear to sufficiently plead individual coverage under the FLSA.   Plaintiff merely alleges that he worked as a drywall installer and finisher, that Defendants' business location is in Orange City, Florida, and that Plaintiff lived in an RV on Defendants' property.   *See* Doc. No. 1 ¶¶ 3, 7–10, 26, 27.   *See also id.* ¶¶ 28–29, 45–46.   Plaintiff never alleges a specific location or a place where he performed his alleged work, and other than a conclusory allegation that he "handled and worked with goods and materials that moved in interstate commerce," he provides no further factual allegations to establish individual coverage.   Without more, the undersigned cannot say that the complaint sufficiently alleges FLSA individual coverage.   *See Cloer v. Green Mountain Specialties Corp.*, 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding allegations that plaintiffs worked at various jobs, including ironworker, driver, laborer, and welder, to be insufficient to establish individual coverage because the plaintiffs did not allege any facts showing how, in their respective jobs, they were engaged in commerce or in the production of goods for commerce); *Perez v. Muab, Inc.*, No. 10-62441-Civ, 2011 WL 845818, at *3 (S.D. Fla.

Mar. 7, 2011) (dismissing a complaint without prejudice where "[p]laintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.").[5]

Nonetheless, the undersigned finds that the complaint sufficiently pleads FLSA enterprise coverage. Plaintiff alleges that:

---

[5] In the renewed motion for default judgment, Plaintiff states that he is entitled to individual coverage under the FLSA because the complaint alleges that "he was a construction employee, and his duties consisted of preparing, installing and finishing drywall panels at different project locations within the state of Florida." Doc. No. 23, at 10–11 (citing Doc. No. 1 ¶¶ 10, 27, 29, 46, 51). But, the complaint includes no allegation that Plaintiff worked at different project locations within Florida, and instead, Plaintiff seeks to rely on his affidavit to establish such fact, which is impermissible. *Id.* (citing Doc. No. 23-1 ¶¶ 4–5, 9). *See Nishimatsu*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). *See also Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-cv-1110-ACC-LRH, 2021 WL 1894603, at *5 (M.D. Fla. Apr. 20, 2021), *report and recommendation adopted*, 2021 WL 1893968 (M.D. Fla. May 11, 2021) ("Plaintiff's reliance on her declaration is not enough to correct her failure to sufficiently allege enterprise coverage in the complaint."); *Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint). And notably, the affidavit contradicts the allegations set forth in the complaint, which is limited to Volusia County, Florida. *See* Doc. No. 1 ¶ 5 ("All the actions raised in this complaint took place in Volusia County, Florida, within this Court's jurisdiction."). And even if Plaintiff had alleged in the complaint that he worked at different project locations within Florida, this by itself is still insufficient to establish individual coverage under the FLSA. *See Josendis*, 662 F.3d at 1316 ("Because Josendis did not travel across state lines as part of his work for Wall to Wall, he cannot claim individual coverage based on any of the travel he completed."). *See also Osorio v. G Sec. Servs. LLC*, No. 6:17-cv-2138-Orl-28GJK, 2018 WL 3130673, at *2 (M.D. Fla. June 11, 2018), *report and recommendation adopted*, 2018 WL 3130643 (M.D. Fla. June 26, 2018) (conclusory allegations that business was conducted "wholly within the state" insufficient to establish FLSA coverage for overtime violations). Plaintiff cites no legal authority to the contrary. *See* Doc. No. 23, at 10–11. Thus, Plaintiff has not established FLSA individual coverage, such that default judgment would be proper.

> Defendant Newline Drywall Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a drywall construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State.

*Id.* ¶ 26. Plaintiff further alleges that Newline grosses over $500,000.00 per year.

*Id.* Accepting Plaintiff's allegations as true, and absent any objection from Defendants, I recommend that the Court find that Plaintiff has sufficiently alleged enterprise coverage under the FLSA. *See, e.g.*, *Perez v. Margaritas V&P, Inc.*, No. 6:22-cv-1133-RBD-EJK, 2023 WL 2696182, at *3 (M.D. Fla. Mar. 14, 2023), *report and recommendation adopted*, 2023 WL 2691680 (M.D. Fla. Mar. 29, 2023) (finding enterprise coverage sufficiently pleaded on motion for default judgment where complaint alleged the company had "annual gross revenue that totaled $500,000 or more and was engaged in interstate commerce within the meaning of the FLSA, since 'it has employees handling, selling, or otherwise working on goods or materials including food, drinks, and supplies, that have been moved in or produced for commerce, as well as handling credit card transactions and accepting orders online and over the phone.'"); *Hollingsworth v. Hemani Holdings LLC*, No. 6:19-cv-199-Orl-22LRH, 2019 WL 11499493, at *5 (M.D. Fla. Oct. 29, 2019), *report and recommendation adopted*, 2019 WL 11499489 (M.D. Fla. Nov. 13, 2019) (allegations that

"Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions" sufficient to support entry of default judgment); *Vignoli v. Clifton Apartments, Inc.*, 930 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013) (finding allegations of enterprise coverage sufficient where plaintiffs alleged that "Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use internet and telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise engage in interstate commerce, particularly with respect to their employees." (alterations omitted)).[6]

Having found that Plaintiff has sufficiently alleged all three elements, the undersigned will therefore recommend that the Court find Plaintiff's allegations establish Defendants' liability for unpaid overtime compensation under the FLSA.

---

[6] The undersigned recognizes that these exact same allegations were previously found to be insufficient.   Doc. No. 15, at 9–11.   The undersigned further notes that despite providing Plaintiff an opportunity to do so, Plaintiff has failed to cite to any legal authority to support his assertion that such allegations are sufficient to establish enterprise coverage. Doc. No. 23, at 11–12.   However, based on the cases cited above, the undersigned now finds that Plaintiff's allegations are sufficient.   The undersigned cautions Plaintiff that in the future, the undersigned may not be so inclined to effectively do Plaintiff's job for him.

B.    Liability on the FLSA Retaliation Claim (Count II).

"The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'"   *Johnson v. Faraj*, No. 3:17-cv-528-MCR-GRJ, 2019 WL 1025151, at *7 (N.D. Fla. Jan. 16, 2019), *report and recommendation adopted*, 2019 WL 1025147 (N.D. Fla. Mar. 4, 2019) (citing *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550-51 (5th Cir. 1966); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1314 (S.D. Fla. 2012)); *accord Moakler v. Furkids*, Inc., 374 F. Supp. 3d 1306, 1314 (N.D. Ga. 2019); *Osorio v. G Sec. Servs. LLC*, No. 6:17-cv-2138-Orl-28GJK, 2018 WL 3130673, at *2 (M.D. Fla. June 11, 2018), *report and recommendation adopted*, 2018 WL 3130643 (M.D. Fla. June 26, 2018); *Thomas v. Jensen Telecom, Inc.*, No. 6:09-cv-2018-Orl-28KRS, 2010 WL 11626758, at *3–4 (M.D. Fla. Dec. 1, 2010), *report and recommendation adopted*, 2011 WL 13298577 (M.D. Fla. Jan. 10, 2011).

The FLSA provides that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . . ."   29 U.S.C. § 215(a)(3).   A plaintiff establishes a prima facie case of FLSA retaliation by establishing three elements: "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by

the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (alteration in original, citation omitted).

Here, in Count II of the complaint, Plaintiff alleges that during his employment with Defendants, he complained to Ramirez (the owner of Newline and Plaintiff's supervisor) multiple times about the lack of payment for overtime. Doc. No. 1 ¶¶ 18, 58.   On or around January 22, 2022, Plaintiff complained for a final time about the lack of overtime compensation, and requested a Saturday off. *Id.* ¶¶ 19, 60.   Ramirez refused to pay overtime.   *Id.*   On January 26, 2022, as a direct result of Plaintiff's complaints, Ramirez fired Plaintiff.   *Id.* ¶¶ 20, 62, 63. Plaintiff alleges that but for his complaints about unpaid overtime wages, Ramirez would not have terminated Plaintiff's employment.   *Id.* ¶ 65.

By their default, Defendants have admitted these allegations.   *See Nishimatsu*, 515 F.2d at 1206.   And upon consideration, the undersigned finds that default judgment on the FLSA retaliation claim is proper, given that Plaintiff engaged in protected activity (complaints about failure to pay overtime), and Defendants, in close temporal proximity, terminated Plaintiff's employment therefor.   *See, e.g.*, *Payne v. Sec. & Crime Prevention Serv., Inc.*, No. 12-22032, 2013 WL 5446466, at *4 (S.D. Fla. Sept. 30, 2013) (finding default judgment on FLSA retaliation claim proper where the plaintiff made oral complaints to the defendants regarding

unpaid wages and, as a result, was immediately taken off the work schedule without a legitimate reason and no longer allowed to work); *Thomas*, 2010 WL 11626758, at *4–5, *report and recommendation adopted*, 2011 WL 13298577 (M.D. Fla. Jan. 10, 2011) (default judgment on FLSA retaliation claim warranted where the plaintiff engaged in protected activity by complaining about failure to pay overtime, and the plaintiff was terminated as a result of the protected activity).

C.   <u>Damages</u>.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations related to damages are not deemed admitted and the Court must determine the amount and character of damages to be awarded."   *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2009 WL 179634, at *2 (M.D. Fla. Jan. 26, 2009) (citing *Miller*, 75 F. Supp. 2d at 1346).   "[D]amages may be awarded to a non-defaulting party as part of the default judgment only where 'the record adequately reflects the basis for the award.'"   *United States ex rel. Chabot v. D&G Disc. Homes, LLC*, No. 6:06-cv-1536-Orl-35KRS, 2011 WL 13202177, at *2 (M.D. Fla. June 16, 2011) (quoting *Adolph Coors*, 777 F.2d at 1544).

1.   *Unpaid Overtime Wages.*

Pursuant to the FLSA, an employer who violates the minimum wage or overtime provisions shall be liable to the employee affected in the amount of the employee's unpaid minimum wages and unpaid overtime compensation, and an

additional equal amount as liquidated damages.   29 U.S.C. § 216(b).   Defendants have not appeared in this case, and, thus, have not presented any evidence of a good faith failure to pay Plaintiff overtime wages.   When, as here, the employer allegedly failed to keep time records (Doc. No. 1 ¶ 36), the plaintiff carries his burden by proving that he performed work for which he was improperly compensated and producing evidence to show the amount and extent of that work as a matter of just and reasonable inference.   *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).   Such evidence may take the form of a plaintiff's affidavit.   *Swisher v. Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28GJK, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008) (citing Fed. R. Civ. P. 55(b)); *see Adolph Coors*, 777 F.2d at 1544 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

In his affidavit, Plaintiff avers that he worked for Defendants from approximately October 30, 2021 through January 26, 2022.   Doc. No. 23-1 ¶ 7. During his employment, he was paid a daily wage rate of $120.00.   *Id.* ¶ 14. Plaintiff avers that he worked 6 days per week (Monday through Saturday), 13 ½ hours per day (5:30 a.m. to 7:00 p.m.), with a 1-hour lunch break, for a total of 75 hours per week.   *Id.* ¶ 15.   Plaintiff also worked an additional 4 Sundays, 8 hour each day, for an additional 32 hours that were not paid at any additional rate.   *Id.*

¶ 16.   Instead, Plaintiff was compensated $720.00 weekly, regardless of the number of hours he worked, he was paid in cash, and he received no pay stubs.   *Id.* ¶¶ 17, 19.   Plaintiff seeks to recover $2,476.80 in unpaid overtime wages.   *Id.* ¶ 22. Although the affidavit contains scrivener's errors,[7] the calculation goes as follows:

- Period of employment:   12 weeks

- Total weekly compensation:   $720.00 (or $120.00 per day)

- Total weekly overtime hours: 35

- Determined regular rate of pay: $9.60 ($720.00 weekly rate divided by 75 hours per week)

- Half rate of regular pay: $4.80

- Calculation: $4.80 per hour, multiplied by 35 hours overtime per week, multiplied by 12 weeks equals $2,016.00.

- Unpaid Sundays: $14.40 per hour ($9.60 regular rate plus half time $4.80 rate) multiplied by 32 uncompensated hours, equals $460.80.

- Total: $2016.00 plus $460.80 equals $2,476.80.

Doc. No. 23-1, at 4 ¶ 22.

---

[7] For example, Plaintiff recites that he was paid $1,200.00 weekly, but his calculations reflect that he actually used the $720.00 weekly rate figure.   *See* Doc. No. 23-1, at 4 ¶ 22(b).

The undersigned finds Plaintiff's calculations problematic in one respect. The FLSA regulations provide:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked.   He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

29 C.F.R. § 778.112.

Plaintiff provides no authority or explanation for his calculations for compensation for the unpaid Sundays at a time and a half rate, rather than by including those hours in the weeks Sundays were worked to determine the appropriate hourly rate for those weeks.   *See* Doc. No. 23, at 13–15; *see also* Doc. No. 23-1, at 4.   Instead, pursuant to 29 C.F.R. § 778.112, it appears that the compensation for weeks including Sunday work should be calculated by including the 8 additional hours in those particular weeks to determine the regular rate of pay (4 weeks worked at 83 hours per week at a $720.00 weekly rate equals a regular pay rate of $8.67 per hour), and then using the half rate ($4.34), and multiplying that figure by the overtime hours worked (43 hours of overtime) for those 4 weeks.   *See generally Kornexl v. Bailey*, No. 6:04-cv-944-Orl-DAB, 2006 WL 1517143, at *2 (M.D. Fla. May 24, 2006) ("For employees paid by job rate, day rate, piece work or commissions, the total compensation earned during a work week should be divided

by the total hours worked.   One half of the resulting hourly rate is owed for each hour of overtime." (citing 29 C.F.R. § 778.112)).

Accordingly, I will recommend that the Court award Plaintiff damages on his FLSA overtime claim as follows:

- $4.80 per hour, multiplied by 35 hours per week, multiplied by 8 regular weeks, totaling $1,344.00.

- $4.34 per hour, multiplied by 43 hours per week, multiplied by 4 weeks including Sunday work, totaling $746.48.

- Total unpaid overtime damages: $2,090.48

    2.    *Retaliatory Discharge Damages.*

In his amended affidavit, Plaintiff avers that while he worked for Defendants, Defendants paid him a flat rate of $120.00 per day, regardless of overtime, and that he worked 6 days per week—Monday through Saturday—for a total of $720.00 per week.   Doc. No. 23-1 ¶ 14–15.   After Defendants terminated his employment, Plaintiff immediately started looking for a new job, but he was unable to find a new job for approximately 4 weeks.   *Id.* ¶ 28.   Therefore, Plaintiff seeks to recover a total of $2,880.00 on his retaliation claim, which is compromised of his weekly rate of $720.00 multiplied by his 4 weeks of unemployment.   *Id.* ¶ 29.

By their failure to appear in this case, Defendants have failed to refute Plaintiff's retaliation claim.   And based on Plaintiff's averments, the undersigned

will recommend that the Court find that Plaintiff is entitled to compensation on his FLSA retaliation claim in the amount of $2,880.00.   *See* 29 U.S.C. § 216(b) (rendering employer "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages").   *See also Vaccara v. Custom Sounds, Inc.*, No. 3:08-cv-776-J-32JRK, 2010 WL 1223907, at *4 (M.D. Fla. Mar. 4, 2010) ("Courts have 'broad equitable powers' which can include 'awarding lost wages' for violations of the FLSA." (quoting *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 880 (2d Cir. 1988))).

### 3.    *Liquidated Damages.*

"[E]mployees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith."   *Moore v. K&G Transp., Inc.*, No. 6:17-cv-1151-Orl-31DCI, 2017 WL 6762441, at *4 (M.D. Fla. Dec. 12, 2017), *report and recommendation adopted*, 2018 WL 264498 (M.D. Fla. Jan. 2, 2018) (citing *Ojeda–Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012)).   "[A]n employee is entitled to liquidated damages in an amount equal to the unpaid wages."   *Glanzrock*, 2009 WL 179634, at *2   (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1573 (11th Cir. 1988)).   Here, by failing to answer the complaint, Defendants admit that they acted willfully in failing to pay

Plaintiff's wages for the hours at issue.   Doc. No. 1 ¶ 34.   Accordingly, I recommend that the Court award liquidated damages in an equal amount to Plaintiff's damages for his FLSA unpaid overtime claim.   *See Glanzrock*, 2009 WL 179634, at *2.

As to Plaintiff's FLSA retaliation claim, "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation . . . the payment of wages lost and an additional equal amount as liquidated damages."   29 U.S.C. § 216(b).   Accordingly, I also recommend that the Court award liquidated damages in an equal amount to Plaintiff's damages on his FLSA retaliation claim.

D.   <u>Attorney's Fees</u>.

The FLSA authorizes an award of attorney's fees and costs to plaintiffs who prevail on a claim to enforce the provisions of the FLSA.   *Glanzrock*, 2009 WL 179634, at *2 (citing 29 U.S.C. § 216(b)).   In a declaration submitted in support of the renewed motion for default judgment, counsel for Plaintiff avers that he has been a licensed attorney since 2006, and he practices primarily in the area of labor and employment law.   Doc. No. 23-3 ¶¶ 4, 6.   He avers that he spent 20.9 hours on this case, which was reasonable and necessary in light of this litigation.   *Id.* ¶¶ 11–12.   He states that effective January 1, 2021, he bills cases at the rate of $400.00 per

hour, and that prior to January 1, 2021, his rate was $375.00 per hour.   *Id.* ¶ 13. Counsel states that the current $400.00 hourly rate reflects his skill and experience litigating employment cases, and is reasonable in the relevant marketplace.   *Id.* ¶¶ 13–14.   Counsel also submits time records for the hours worked on this matter, reflecting that he spent 20.9 hours on this case.   *Id.* at 7–8.[8]

Based on counsel's averments and related documentation, as well as the undersigned's own experience, and in the absence of objection, the undersigned will recommend that the Court approve counsel's request for $400.00 per hour as a reasonable hourly rate for attorneys of similar experience within the Orlando Division of this Court, and find the number of hours expended by counsel (20.9) reasonable.   *See, e.g.*, *Hollingsworth*, 2019 WL 11499493, at *8, *report and recommendation adopted*, 2019 WL 11499489 (M.D. Fla. Nov. 13, 2019) (approving hourly rate of $375.00 for same counsel in 2019).   *See also Perez*, 2023 WL 2696182, at *4, *report and recommendation adopted*, 2023 WL 2691680 (M.D. Fla. Mar. 29, 2023) (awarding rates of $400.00–$450.00 per hour in FLSA case).   Accordingly, I recommend that the Court award total attorney's fees of $8,360.00.

---

[8] Counsel also provides citation to cases from the Southern District of Florida approving similar rates.   Doc. No. 23-3 ¶ 13.   However, the undersigned has not considered these cases, as the present action was filed in the Middle District of Florida, Orlando Division, and the "relevant market" is "the place where the case is filed."   *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

E.    <u>Costs</u>.

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action."   29 U.S.C. § 216(b).   In FLSA cases, courts may award those costs permitted by 28 U.S.C. § 1920.   *See Glenn*, 841 F.2d at 1575 ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920.").

Counsel for Plaintiff submits records demonstrating costs incurred for: (1) the process server ($180.00); (2) court filing fees ($402.00); and (3) copying ($25.00). Doc. No. 23-3, at 8–9.   The docket reflects that the filing fee was paid, and Plaintiff is entitled to its recovery.   *See* 28 U.S.C. § 1920(1).   *See also Fam. Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees and are clearly taxable." (citations omitted)).   Likewise, copying costs are recoverable.   *See* 28 U.S.C. § 1920(4).

However, as it relates to the $180.00 for service of process, while recovery of the cost of private process servers is authorized under 28 U.S.C. § 1920(1), the rate must not exceed the costs charged by the United States Marshal's Service to effectuate service.   *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

The current statutory rate for service by the United States Marshal is $65.00 per hour, plus travel costs and other out of pocket expenses.   *See* 28 C.F.R. § 0.114(a)(3); *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *2 (M.D. Fla. July 14, 2015).   Besides invoices for the total amount of service, Plaintiff provides no further information in support of the $180.00 requested ($90.00 per Defendant).   *See* Doc. No. 23-3, at 8, 10–11.   Accordingly, absent any argument or evidence in support of a higher amount, I will recommend that the recoverable costs for service of process on Defendants be limited to $65.00 each, for a total of $130.00. *See, e.g., Joe Hand Promotions, Inc. v. Johnny G's LLC*, No. 8:19-cv-652-T-60CPT, 2020 WL 7029302, at *6 (M.D. Fla. Nov. 13, 2020), *report and recommendation adopted*, No. 2020 WL 7024873 (M.D. Fla. Nov. 30, 2020) (reducing service of process fee to $65.00 for similar reasons).   *See also Innovative Sports Mgmt., Inc. v. Maldonado*, No. 19-CV-61935, 2020 WL 9460225, at *9 (S.D. Fla. June 26, 2020), *report and recommendation adopted*, 2020 WL 9460218 (S.D. Fla. July 13, 2020) (similar).

## V.    RECOMMENDATION.

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Court **GRANT in part and DENY in part** Plaintiff's Renewed Motion for Default Judgment Against All Defendants (Doc. No. 23), as follows:

1.   **ENTER** default judgment in favor of Plaintiff and against Defendants in the total amount of $18,857.96, allocated to:

- $2,090.48 in wages on the unpaid overtime claim (Count I);

- $2,090.48 in liquidated damages on the unpaid overtime claim;

- $2,880.00 in wages on Plaintiff's retaliation claim (Count II);

- $2,880.00 in liquidated damages on the retaliation claim;

- $8,360.00 in attorney's fees; and

- $557.00 in costs.

2.   **DENY** the motion (Doc. No. 23) in all other respects.

3.   **DIRECT** the Clerk of Court to issue a judgment consistent with the Court's ruling on this Report and Recommendation and, thereafter, to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 15, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy